UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JONATHAN W HESS** *Plaintiff*  Vs,  **FORSTER & GARBUS LLP**  **LVNV FUNDING LLC** *Defendant* | 5:12-CV-97 (DNH/ATB)  **COMPLAINT**  *Jury Trial Demanded* |

Albany County    }
New York State   } ss:

Jonathan E Hess, the Plaintiff in this action, by his attorney, complains of the defendant by alleging and showing that:

## NATURE OF ACTION

1. This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 *et seq*,

## JURIDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. Declaratory relief is available per 28 USC §§ 2201 and 2202

3. Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendant conducts business in this district and the injury occurred in this district.

## PARTIES

4. At all relevant times:

    a. I am and was a resident of the Town of Clay, Onondaga County, New York State, within this district,

    b. I am a" consumer" as that term is defined in the FDCPA, in that I am a natural person who allegedly owes a debt to another.

5. Upon information and belief, at all relevant time, the defendant Forster & Garbus LLP ("FG"):

    a. is a New York limited liability partnership with a principal place of business at Commack, Suffolk County, New York;

    b. Is a "debt collector" as that term is defined in the FDCPA;

    c. Is in the business of collecting defaulted consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d. conducts business in this District and has an agent in this District;

    e. Acted at the direction, supervision or approval of LVNV Funding LLC

6. Upon information and belief, at all relevant time, the defendant LVNV Funding LLC ( "LVNV") :

   a. is a Delaware limited liability company with a principal place of business at Greenville, South Carolina;

   b. Is a "debt collector" as that term is defined in the FDCPA;

   c. Is in the business of collecting defaulted consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

   d. conducts business in this District and has an agent in this District;

   e. Directed, supervised, controlled or approved of the actions of FG in this instance.

## FACTUAL ALLEGATIONS

7. On or about 9/28/09 LVNV hired Rubin & Rothman, a law firm, to sue me in the Syracuse City Court .

8. That lawsuit was dismissed by the Syracuse City Court for want of jurisdiction per Uniform City Court Act 213, as neither LVNV nor I lived or had a place of business in Syracuse. A copy of the Order dismissing the action is attached here as Exhibit A.

9. Then, on or about 10/3/11 LVNV hired FG to sue me again in the Syracuse City Court.

10. A true copy of the summons and complaint filed by defendants is attached here as Exhibit B.  ( the Lawsuit)

11. The Lawsuit was yet again dismissed by the Syracuse City Court for want of jurisdiction per Uniform City Court Act 213, as neither LVNV nor I lived or had a place of business in Syracuse. A copy of the Order dismissing the action, entered on 1/10/12,  is attached here as Exhibit C.

*The Debt*

12. The subject of both  lawsuits was an alleged credit card debt  LVNV  says I owe  which (whether I owe it or not)  is  an obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence a "debt" as that term is defined by the FDCPA. ( " the Debt" ).

13. As I am informed and believe, the Debt was a Citibank account supposedly in my name which LVNV allegedly purchased after default.

14. As I am informed and believe, the date of default on the Debt was more than six years before 10/3/11.

15. As I am informed and believe the statute of limitations applicable to this Debt is  six  years.

16. LVNV and FG knew or had reason to know the Debt was time-barred, but sued me anyway.

17. Alternatively,  neither LVNV nor FG made any inquiry into the status of the debt before bringing the Lawsuit.

*The complaint*

18. The complaint in the Lawsuit was signed by Glenn S Garbus, an attorney associated with FG, in the regular course of his employment.

19. By signing the complaint, Glenn S. Garbus certified to the Court and to me that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (1) the presentation of the complaint or the contentions therein wre not frivolous as defined in section 130-1.1(c) of the rules of the Chief Administrator . Under 22 NYCRR 130-1.1(c ) conduct is frivolous if:

> (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
>
> (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
>
> (3) it asserts material factual statements that are false.[1]

20. The Syracuse City Court derives its authority from Article VI, Section 17 of the New York State Constitution, which we ask the Court to take notice of.

---

[1] 22 NYCRR Part 130.1-1( c ) and 22 NYCRR Part 130.1-1a (b), of which we ask the Court to take notice of

21. According to the Constitution, city courts outside the city of New York have only those powers and jurisdiction the State Legislature gives to it. These powers and jurisdiction are found in the New York State Uniform City Court Act ( UCCA), of which we ask the Court to take notice of. As such, the Syracuse City Court is a court of limited jurisdiction.

22. Geography is one of those limitations. UCCA §213 states in pertinent part:

    (a) In an action described in §202,[2] either a plaintiff or a defendant *must*:

    1. *be a resident of the city or of a town contiguous to such city, provided that such town is*
    *(i) within the same county, and*
    *(ii) <u>contiguous</u> to the city by land*, and

    (iii) not within either Nassau or Westchester counties; or

    2. *have a regular employment within the city; or*

    3. *have a place for the regular transaction of business within the city.*

    (b) A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city…

    (d) *The requirements of this section* shall not be deemed

---

[2] UCCA 202 describes an action for the recovery of money.

> jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in the court, and they *shall be*

> *deemed waived by the defendant unless he raises the objection by motion or in his responsive pleading* as prescribed in §1002 of this act.  *Notwithstanding waiver by the parties, the court may, on its own initiative at any time,   dismiss an action which does not satisfy the requirements of this section.* Any dismissal under this section shall entitle the parties to the benefit of CPLR S 205, relating to an extension of time to commence a new action.  [3]

a. In other words, to invoke the jurisdiction of the Syracuse City Court, one of the parties must live or work within the City of Syracuse  , or live in an Onondaga County town that is contiguous by land to the City, i.e. Salina, Dewitt, Onondaga, Solvay, Geddes. [4]

23. FG and LVNV, in the complaint, alleged at paragraph 1 "[T]hat the defendant(s) resides in the city in which this action is brought…"[5]

24. In fact,  I do not live in the City of Syracuse  or a town contiguous by land to it.  In  fact,  I live on Williams St.   in the Town of Clay.

25. Clay  is in Onondaga County, but it is separated from Syracuse by the Town of Salina.

26. FG and LVNV  knew or had reason to know  I did not live in the City of Syracuse but ignored that fact.

---

[3] Emphasis added. See Ex D for full text
[4] See Ex E
[5] See Ex B

27. Alternatively, FG made no inquiry into whether I actually lived in the City of Syracuse or a town contiguous to the City.

28. Indeed, FG and LVNV knew or had reason to know that the Syracuse City Court Clerk would not accept the complaint for filing unless it made the false representation about my residence as alleged in paragraph 1 of the complaint.

29. FG and LVNV did not allege that I signed a contract or other document evidencing a debt to Citibank in the City of Syracuse. In fact, I did not.

30. I have not/do not work or had a place for business in the City of Syracuse, New York and that was not alleged; I work in the Town of Dewitt.

31. FG, in the complaint, never alleged that LVNV was a resident of Syracuse or had a place of business in Syracuse, as required by the UCCA §213. In fact, LVNV is a South Carolina-based company.

32. Indeed, the complaint FG and LVNV filed did not allege any facts to support the City Court's jurisdiction under UCCA § 213 other than the false representation that I live in Syracuse.

33. FG and LVNV could have sued me in the Supreme Court for Onondaga County, a court of general jurisdiction, but they did not.

34. FG and LVNV could have sued me in the Town Clay Court where I live, but they did not.

35. **I w**as served at my home on Williams St, in the Town of Clay.

36. As a result, I had to hire an attorney at a cost of $1000.00 to defend me from LVNV's claims and bring motions to dismiss the claims on jurisdictional grounds.

## COUNT 1

*(Violation of the Fair Debt Collection Practices Act - improper venue)*

37. I reallege and reiterate the allegations of the preceding paragraphs;

38. Defendants' actions in suing me in a judicial district ( i.e., the Syracuse City Court) where I do not live nor where the alleged credit card contract sued upon was signed, violates 15 USC §1692i and 15 USC §1692f

## COUNT 2

*(Violation of the Fair Debt Collection Practices Act- time barred debt)*

39. I reallege and reiterate the allegations of the preceding paragraphs.

40. Defendants' act of suing me when they knew or had reason to know the Debt was barred by the applicable statute of limitations is misleading, deceptive, unfair and unconscionable, in violation of 15 USC 1692e, 1692e(2)(a), 1692e(5), 1692e(100, 1692f and 1692f(1)

## COUNT 3

*(Violation of the Fair Debt Collection Practices Act*
*Deceptive/Unfair/Unconscionable collection practice)*

41.     I reallege and reiterate the allegations of the preceding paragraphs;

42.     Defendants' acts of:

   a.   suing me in a judicial district ( i.e., the Syracuse City Court) which did not have jurisdiction over me or the subject matter when each knew or should have known other courts in the county did, and

   b.  alleging that I lived in Syracuse for the purpose of inducing the City Court Clerk to accept the summons and complaint when each knew or had reason to know I did not,

   was deceptive, false, improper and unfair, violating 15 USC §1692e, 15 USC §1692e(5), 15 USC §1692f and 15 USC §1692i

43.     Defendants' actions as alleged in the above Counts were frequent, intentional, and persistent in that LVNV previously sued me in the Syracuse City Court for the same Debt, which lawsuit was dismissed for the same reasons by the Syracuse City Court.

44.     As a result I have been damaged

## JURY DEMAND

I respectfully request a trial by jury of all issues.

**WHEREFORE**, I ask the Court for judgment:

a. declaring the actions of the defendant in violation of the FDCPA ;

b. awarding me actual damages , including the amount of $1000.00, jointly and severally;

c. awarding me statutory damages against each defendant. per 15 USC §1692k;

d. awarding me costs and disbursements of this action, and reasonable attorney's fees ( per 15 USC § 1692k),  and

e. such other, further and different relief as the Court finds proper here.

DATED:    January 17, 201216,  2012


_____S/ Anthony J Pietrafesa _____
**ANTHONY J PIETRAFESA ESQ. (102368)**

*Attorney for the Plaintiff*
210 Bell Court
Schenectady NY 12303
518.218.0851
Fax: 518.514.1241
ajp@ajp1law.com

VERIFICATION

New York State         }
Albany County          } ss:


Jonathan W Hess, being duly sworn, deposes and says: I the plaintiff in this action, I have read the complaint, and the factual allegations contained in the complaint are true to my personal knowledge except for those based on my information and belief, and as to those I believe them to be true.

*s/ Jonathan W Hess*
_____



Sworn to and Subscribed
Before me on  1/16/2012


*s/ Anthony J Pietrafesa*
_____
Anthony J. Pietrafesa
Notary Public Albany County
02PI6155974
My Commission exp. 11/20/2014

Case 5:12-cv-00097-DNH-ATB   Document 1   Filed 01/20/12   Page 13 of 13